WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matthew S. Barr
Marcia Goldstein
Gabriel A. Morgan

*Attorneys for Certain Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED** | : | |
| **(CAYMAN)**, *et al.*, | : | **Case No. 16-11895 (JLG)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

SCHEDULES OF ASSETS AND LIABILITIES FOR

**ADMIRED AGENTS LIMITED**

**CASE NO. 17-11206**

---

[1] The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd. (BVI), Golden Target Pacific Limited (BVI), Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited (BVI), Admired Agents Limited (BVI), Chiksano Management Limited (BVI), Clamford Holding Limited (BVI), Excel Concept Limited (BVI), Gain Star Management Limited (BVI), Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited (BVI), Loyal Mark Holdings Limited (BVI), Metro Island International Limited (BVI), Mission Excel International Limited (BVI), Natprop Investments Limited, Pioneer Logistics Limited (BVI), Sea Capital International Limited (BVI), Shine Bright Management Limited (BVI), Superb Choice International Limited (BVI), and Toyama Holdings Limited (BVI).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re:                                                  :    Chapter 11
                                                        :
CHINA FISHERY GROUP LIMITED                             :    Case No. 16-11895 (JLG)
(CAYMAN), *et al.*,                                     :
                                                        :    (Jointly Administered)
              Debtors.[1]                               :
-------------------------------------------------------------------x

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING CERTAIN DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On June 30, 2016, China Fishery Group Limited (Cayman) ("**CFGL**") and certain of its affiliates, including Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa) ("**Protein Trading**"), CFG Peru Investments Pte. Limited (Singapore) ("**CFG Peru Singapore**"), Smart Group Limited (Cayman), and Super Investment Limited (Cayman) (collectively, the "**June 2016 Debtors**") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

On September 29, 2016, Pacific Andes Resources Development Limited (Bermuda) ("**PARD**") commenced a voluntary case under chapter 11 of the Bankruptcy Code.

On March 27, 2017, Golden Target Pacific Limited (BVI) ("**Golden Target**") and Nouvelle Foods International Ltd. (BVI) ("**Nouvelle**" and together with Golden Target, the "**March 2017 Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code.

---

[1]  The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd. (BVI), Golden Target Pacific Limited (BVI), Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited (BVI), Admired Agents Limited (BVI), Chiksano Management Limited (BVI), Clamford Holding Limited (BVI),   Excel Concept Limited (BVI), Gain Star Management Limited (BVI), Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited (BVI), Loyal Mark Holdings Limited (BVI), Metro Island International Limited (BVI), Mission Excel International Limited (BVI), Natprop Investments Limited, Pioneer Logistics Limited (BVI), Sea Capital International Limited (BVI), Shine Bright Management Limited (BVI), Superb Choice International Limited (BVI), and Toyama Holdings Limited (BVI).

On April 17, 2017, Pacific Andes International Holdings (BVI) Limited ("**PAIH BVI**") and Zhonggang Fisheries Limited ("**Zhonggang**" and together with PAIH BVI, the "**April 2017 Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code.

On May 2, 2017 (the "**Petition Date**"), Admired Agents Limited (BVI), Chiksano Management Limited (BVI), Clamford Holding Limited (BVI), Excel Concept Limited (BVI), Gain Star Management Limited (BVI), Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited (BVI), Loyal Mark Holdings Limited (BVI), Metro Island International Limited (BVI), Mission Excel International Limited (BVI), Natprop Investments Limited, Pioneer Logistics Limited (BVI), Sea Capital International Limited (BVI), Shine Bright Management Limited (BVI), Superb Choice International Limited (BVI), and Toyama Holdings Limited (BVI) (collectively, the "**May 2017 Debtors**" and together with the June 2016 Debtors, PARD, the March 2017 Debtors, and the April 2017 Debtors, the "**Debtors**"[2]) commenced voluntary cases under chapter 11 of the Bankruptcy Code.

The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 28, 2016, the Court appointed a chapter 11 trustee (the "**Chapter 11 Trustee**") for CFG Peru Singapore [ECF No. 203]. On November 10, 2016, the Court entered an order approving the selection of Mr. William Brandt as the Chapter 11 Trustee for CFG Peru Singapore [ECF No. 219]. The Chapter 11 Trustee has also taken over reporting responsibilities for one of the June 2016 Debtors, Protein Trading, as the entity is directly owned by CFG Peru Singapore.

The Debtors' chapter 11 cases (the "**Chapter 11 Cases**") have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND ON THE DEBTORS' BUSINESS

The Debtors, along with certain non-Debtor affiliated entities, are part of a corporate family known as the Pacific Andes Group, which is one of the world's foremost vertically integrated seafood companies. The Pacific Andes Group provides seafood products to leading global wholesalers, processors and food service companies and has operations across the seafood value chain. As part of its business, the Pacific Andes Group engages in (or previously engaged in) harvesting, sourcing, ocean logistics and transportation, food safety testing, processing, marketing and distribution of frozen fish products, as well as fishmeal and fish oil.

The China Fishery group of companies (the "**CF Group**"), a subset of the Pacific Andes Group, sources, harvests, onboard-processes and delivers high quality mackerel to consumers around the world. The CF Group is also one of the leading producers of fishmeal and fish oil through its processing plants located along Peru's coast.

The Debtors are comprised primarily of investment holding companies and non-operating companies that previously were in the business of trading frozen seafood products or providing freight service.

---

[2] The term "Debtors" as it is used herein shall not include CFG Peru Singapore.

WEIL:\96182248\3\35234.0003

In addition to the Debtors in these Chapter 11 Cases, other entities included in the Pacific Andes Group may be the subject of bankruptcy, insolvency, or equivalent proceedings in courts outside of the United States.

## OVERVIEW OF THE GLOBAL NOTES

Each of the May 2017 Debtors has herewith filed separate Schedules of Assets and Liabilities ("**Schedules**") and Statements of Financial Affairs ("**Statements**").    These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding Certain Debtors' Schedules and Statements (the "**Global Notes**") relate to each of the May 2017 Debtors' Schedules and Statements and set forth the basis upon which each May 2017 Debtor's Schedules and Statements are presented.    **These Global Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.**    The Global Notes are in addition to any specific notes contained in any of the Schedules or Statements filed herewith.    Information in the Schedules and Statements is presented as of the Petition Date on an individual Debtor-by-Debtor basis, in either case unless otherwise noted.    Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

The Schedules and Statements have been prepared pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 by the Debtors' management with the assistance of their advisors.    Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.    Moreover, the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment.    Nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to the Chapter 11 Cases, including with respect to any issues involving substantive consolidation, recharacterization, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

The Debtors and their agents, financial advisors and attorneys do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein or in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.    While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.    The Debtors and their agents, financial advisors and attorneys expressly do not undertake any obligation.    In no event shall the Debtors or their agents, financial advisors and attorneys be liable to any third party for any direct, indirect,

3

incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, financial advisors and attorneys are advised of the possibility of such damages.

The Schedules and Statements have been signed by Ng Puay Yee (Jessie), each Debtor's authorized representative.   In reviewing and signing the Schedules and Statements, Ms. Ng necessarily relied upon the efforts, statements, and representations of the Debtors' other senior management, personnel, and professionals.   Ms. Ng has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

## NOTES PERTAINING TO EACH OF THE MAY 2017 DEBTORS

1. **Basis of Presentation:**   These Schedules and Statements reflect the unconsolidated assets and liabilities of each individual May 2017 Debtor.   Information contained in the Schedules and Statements has been derived from the May 2017 Debtors' books and records and historical financial statements.   Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with United States Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile with the May 2017 Debtors' financial statements.

2. **Amendment:**   Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements.   Despite these efforts, inadvertent errors or omissions may exist. The May 2017 Debtors reserve all rights to, but are not required to, amend or supplement, or both, the Schedules and Statements from time to time as is necessary and appropriate.

3. **Causes of Action:**   Despite their reasonable efforts, the May 2017 Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant nonbankruptcy laws to recover assets. The May 2017 Debtors reserve all of their rights for any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

4. **Recharacterization:**   The May 2017 Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.   However, due to the complexity and size of the May 2017 Debtors' business and operations, the May 2017 Debtors may have improperly characterized, classified, categorized, or designated certain items.   The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available.

WEIL:\96182248\3\35234.0003

5. **Claim Description:**   Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the May 2017 Debtors that the claim or amount is not "contingent," "unliquidated," or "disputed."   The May 2017 Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, without limitation, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."   Moreover, the May 2017 Debtors reserve all of their rights to, but are not required to, amend their Schedules and Statements as necessary and appropriate, including, modifying claim descriptions and designations.

6. **Undetermined Amounts:**   Claim amounts that could not readily be quantified by the May 2017 Debtors are scheduled as "undetermined."   The description of an amount as "undetermined" is not intended to reflect upon the materiality of the amount.

7. **Valuation:**   It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the May 2017 Debtors to obtain current market valuations of their assets. Accordingly, unless otherwise indicated, assets in the Schedules and Statements reflect net book values as of the Petition Date.   Net book values may vary, sometimes materially, from market values.   Certain other assets, such as investments in subsidiaries, are listed at undetermined amounts, as the net book values may differ materially from fair market values or the amounts ultimately realized.   In addition, certain depreciable assets with a net book value of zero may be included for completeness.   The May 2017 Debtors do not intend to amend these Schedules and Statements to reflect actual values.

8. **Excluded Assets and Liabilities:**   The May 2017 Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules.   The May 2017 Debtors may have excluded the following items, which may be included in their GAAP financial statements, from the Schedules: certain accrued liabilities, trusts, certain prepaid and other current assets considered to have no market value, and deferred gains.   Other immaterial assets and liabilities may also have been excluded.

9. **Liabilities:**   The May 2017 Debtors have sought to allocate liabilities between the prepetition and postpetition period based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.   As additional information becomes available and further research is conducted, the allocation of liabilities between the May 2017 Debtors' prepetition and postpetition period may change.   The May 2017 Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.   Accordingly, the May 2017 Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

WEIL:\96182248\3\35234.0003

10. **Guarantees and Other Secondary Liability Claims:**    The May 2017 Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.    If Guarantees have been identified, they have been included in the relevant Schedules D, E/F, and H for the affected May 2017 Debtor or Debtors.    However, certain Guarantees embedded in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.    Thus, the May 2017 Debtors reserve all of their rights to, but are not required to, amend the Schedules if additional Guarantees are identified.

11. **Leases:**    Nothing in the Schedules and Statements is, or should be construed, as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or financing arrangement), and the May 2017 Debtors reserve all rights with respect thereto.

12. **Intellectual Property Rights:**    Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, or terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.    Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.    Accordingly, the May 2017 Debtors reserve all of their rights as to the legal status of all intellectual property rights.

13. **Currency:**    Unless otherwise indicated, all amounts are reflected in U.S. dollars.    In certain instances, the amounts have been converted to U.S. dollars from their foreign currency denominations.    Where the amounts are converted to U.S. dollars, the May 2017 Debtors used the foreign exchange conversion rate as of the Petition Date    Accordingly, based on fluctuations of foreign exchange rates, such amounts are subject to foreign exchange rate gains and losses due to future foreign currency movements.

14. **Claims of Third-Party Related Entities:**    Although the May 2017 Debtors have made reasonable efforts to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the May 2017 Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities.

15. **Affiliate Relationships:**    The May 2017 Debtors have endeavored in good faith to identify the assets owned by and the liabilities owed by each May 2017 Debtor. While the Schedules and Statements reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets and liabilities to a particular entity (including the Debtors or non-debtor affiliates), including, but not limited to: (a) certain assets may be primarily used by an entity other than the entity that holds title to such assets according to the Debtors' books and records;  (b) certain liabilities may have been nominally incurred by one entity, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, an affiliate; and (c) certain creditors of the Debtors may have

treated one or more of the Debtors and its affiliates as a consolidated entity rather than as differentiated entities. The May 2017 Debtors continue to analyze their relationships with their fellow Debtors and non-Debtor affiliates and may refine their view of ownership of certain assets or obligation under certain liabilities as a result of such investigation.

Failure to include an asset on the Schedules and Statements of a May 2017 Debtor does not represent an admission that such asset is not property of such Debtor. Similarly, inclusion of a liability on the Schedules and Statements of a May 2017 Debtor does not represent an admission that the Debtor is the party obligated for such liability.

Pursuant to the Debtors' pre-petition operational practices, an affiliate of the Debtor might make payments on the behalf of such Debtor. The nature of such arrangement and the reimbursement terms for such payments varied. Unless otherwise noted, payments reflected on the Schedules and Statements do not include payments made by affiliates.

16. **Insiders:** Certain Statements questions require the May 2017 Debtors to disclose payments to "insiders." Solely for purposes of answering these questions, the Debtors have included therein each of the May 2017 Debtors' (a) directors and (b) employees that may be, or may have been during the relevant period, "officers," as such term is defined by applicable law. Persons have been included in the Statements for informational purposes only, and the listing of an individual as an insider, however, is not intended to be, and should not be construed as, a legal characterization of that person as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are reserved. Furthermore, the May 2017 Debtors do not take any position concerning (a) the person's influence over the control of the Debtors, (b) the person's management responsibilities or functions, (c) the person's decision-making or corporate authority, or (d) whether the person could successfully argue that he or she is not an insider under any applicable law, including federal securities laws or the Bankruptcy Code, for any theories of liability or for any other purpose.

17. **Intercompany Payables and Receivables:** Receivables and payables among the May 2017 Debtors in these cases (each an "**Intercompany Receivable**" or "**Intercompany Payable**") are reported in the Schedules based upon the aggregate net intercompany balances. To the extent that a May 2017 Debtor owes a net Intercompany Payable, it is reported on Schedule F as a liability of such Debtor. To the extent a Debtor has a net Intercompany Receivable, it is reported on Schedule B as an asset of such Debtor. While the May 2017 Debtors have used reasonable efforts to ensure that the proper intercompany balances are attributed to each legal entity, all rights to amend these items on the Schedules and Statements are reserved.

Intercompany transfers can be characterized in various ways. The May 2017 Debtors reserve all of their rights with respect to the intercompany balances listed in the analysis, including, but not limited to, the appropriate characterization of such intercompany balances and the amounts of such balances, which are still being identified by the May 2017 Debtors. The May 2017 Debtors have not made any conclusions regarding the nature or composition of these intercompany balances.

The May 2017 Debtors have listed all net Intercompany Payables as unsecured nonpriority claims on Schedule F for each applicable Debtor, but reserve their rights, except as otherwise

WEIL:\96182248\3\35234.0003

may be agreed to pursuant to a stipulation filed with the Bankruptcy Court, to later change the characterization, classification, categorization, or designation of such claims, including by designating all or any portion of the amounts listed as secured.

18. **Confidentiality:**    There may be instances in the Schedules and Statements where the May 2017 Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.    Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

19. **Totals:**    All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."    If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

## SPECIFIC DISCLOSURES APPLICABLE TO SCHEDULES

1. **Classifications**.    Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," or (c) on Schedule F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the May 2017 Debtors of the legal rights of the claimant, or a waiver of the May 2017 Debtors' right to recharacterize or reclassify such Claim or contract.

2. **Schedule A/B**.    Despite their reasonable efforts to identify all known assets, the May 2017 Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant nonbankruptcy laws to recover assets.    The May 2017 Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions that they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

   a) **Schedule A/B.15**.    Equity interests in subsidiaries and affiliates arise from common stock ownership.    For purposes of these Schedules, the May 2017 Debtors have listed an undetermined value for the equity interests.    The book values of certain assets may materially differ from their fair market values and/or the liquidation of the assets prepared in connection with a Disclosure Statement.

3. **Schedule F**.    The May 2017 Debtors have used reasonable efforts to report all general unsecured Claims against the May 2017 Debtors on Schedule F based upon the May 2017 Debtors' existing books and records as of the Petition Date.    The Claims listed on Schedule F arose or were incurred on various dates.    In certain instances, the date on which a Claim arose is an open issue of fact.

It is possible that certain May 2017 Debtors may pay Claims listed on Schedule F during these Chapter 11 Cases pursuant to orders of the Bankruptcy Court and the May 2017 Debtors reserve

WEIL:\96182248\3\35234.0003

all of their rights, but are not required, to update Schedule F to reflect such payments.   In addition, certain Claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule F may contain information regarding pending litigation involving the May 2017 Debtors.   The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.   Some of the Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Despite the May 2017 Debtors' reasonable efforts to identify which Claims listed on Schedule F are subject to setoff pursuant to section 553 of the Bankruptcy Code, the Debtors reserve their rights to amend the Schedules to recharacterize or reclassify a Claim as subject to setoff pursuant to section 553 of the Bankruptcy Code.

Schedule F includes aggregate net Intercompany Payables that may or may not result in allowed or enforceable claims by or against a given May 2017 Debtor or one of the May 2017 Debtors' affiliates.   Listing these Intercompany Payables and Intercompany Receivables is not an admission on the part of the May 2017 Debtors that the Intercompany Claims are enforceable or collectable.   The Intercompany Payables and Intercompany Receivables also may be subject to set off, recoupment, netting, or other adjustments, including pursuant to company policies and arrangements not reflected in the Schedules.

Schedule F may also include potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

4. **Schedule G**.   While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.   Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases.   Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.   Such rights, powers, duties, and obligations are not set forth on Schedule G.   In addition, the May 2017 Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, subordination, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.   Such documents may not be set forth on Schedule G.   Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the May 2017 Debtors.   Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.   Certain executory contracts may have been excluded in the interests of confidentiality and to protect the Debtors' business relationships.

The May 2017 Debtors reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.   Inclusion of any agreement on Schedule G does not constitute an

WEIL:\96182248\3\35234.0003

admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including, that any agreement is not executory, has expired pursuant to its terms, or was terminated prior to the Petition Date.

## SPECIFIC DISCLOSURES APPLICABLE TO STATEMENTS

1. **Questions 1 and 2**.  The May 2017 Debtors' responses to Questions 1 and 2 should be referenced in conjunction with the "Intercompany Payables and Receivables" Global Note above, as a reconciliation of the May 2017 Debtors' intercompany activities could result in material adjustments to the May 2017 Debtors' reporting revenue by legal entity.

2. **Question 4**.   Persons or affiliates have been included in the Statements for informational purposes only, and the listing of any individual or an affiliate as an insider in response to Question 4, however, is not intended to be, and should not be construed as, a legal characterization of that person or entity as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are reserved.   Furthermore, the May 2017 Debtors do not take any position concerning (a) the person or entity's influence over the control of the May 2017 Debtors, (b) the person's management responsibilities or functions, (c) the person or entity's decision-making or corporate authority, or (d) whether the person or entity could successfully argue that he, she, or it is not an insider under applicable law, including federal securities laws or the Bankruptcy Code, for any theories of liability or for any other purpose.

3. **Question 7**.   The May 2017 Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings.   The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors.   The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

4. **Question 11**.   The $180,000 disbursement listed in Statement 11 was initiated and disbursed by non-Debtor affiliate Pacific Andes Enterprises (HK) Ltd. for the purpose of providing Weil, Gotshal & Manges LLP with a fee advance; however, the disbursement was for the benefit of the May 2017 Debtors.   Each of the May 2017 Debtors maintains a reversionary interest in the disbursement listed in response to Question 11.

5. **Question 26**.   Historically certain of the May 2017 Debtors may have provided financial statements and reports in the ordinary course of business to certain third parties under confidentiality arrangements.    Such third parties include restructuring professionals, administrative agents or indenture trustees under the debt facilities, and certain other creditors and their advisors.

Novel Dynamic Limited ("**Novel**") is an independent nominee director of Admired Agents, Metro Island, and Excel Concept.   Novel holds the shares of Admired Agents, Metro Island, and Excel Concept as a nominee for China Fisheries International Limited (Samoa).

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Admired Agents Limited |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (if known) | 17-11206 |

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

**Part 1:  Summary of Assets**

---

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    $9,958,685.21

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    $9,958,685.21

---

**Part 2:  Summary of Liabilities**

---

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . .

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . .

    **+** $96,131,840.58

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Lines 2 + 3a + 3b

    $96,131,840.58

---

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Admired Agents Limited |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (if known) | 17-11206 |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

1. **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
   ☑ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2. **CASH ON HAND** | |
| 3. **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | |
| 4. **OTHER CASH EQUIVALENTS** | |
| 5 **Total of Part 1.** ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | |

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

6. **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 7. **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |

|  |  | Current value of debtor's interest |
|---|---|---|

**8. PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

**9   Total of Part 2.**
ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81.

---

**Part 3:    ACCOUNTS RECEIVABLE**

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☐ No. Go to Part 4.
☒ Yes. Fill in the information below.

|  |  |  |  | Current value of debtor's interest |
|---|---|---|---|---|

**11. ACCOUNTS RECEIVABLE**

| OVER 90 DAYS OLD | $9,958,685.21 | - | $0.00 | = → | $9,958,685.21 |
|---|---|---|---|---|---|
|  | face amount |  | doubtful or uncollectable accounts |  |  |

(SEE ATTACHED EXHIBIT 11)

| **12   Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | $9,958,685.21 |
|---|---|

---

**Part 4:    INVESTMENTS**

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**

☒ No. Go to Part 5.
☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

**16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

**17   Total of Part 4.**
ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83.

---

**Part 5:    INVENTORY, EXCLUDING AGRICULTURE ASSETS**

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☒ No. Go to Part 6.
☐ Yes. Fill in the information below.

---

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.** **RAW MATERIALS** | | | | |
| **20.** **WORK IN PROGRESS** | | | | |
| **21.** **FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22.** **OTHER INVENTORY OR SUPPLIES** | | | | |

**23** **Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84.

**24.** **Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes  Book value _____  Valuation method _____  Current value _____

**26.** **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 6:**  **FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

**27.** **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28.** **CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29.** **FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30.** **FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31.** **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32.** **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

**33** **Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

**34.** **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
☒ No
☐ Yes

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 7: | OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES |
|---|---|

**38.** **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☒ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. OFFICE FURNITURE** | | | |
| **40. OFFICE FIXTURES** | | | |
| **41. OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| **42. COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

**43** **Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

**44.** **Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45.** **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

**46.** **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES**

**48. WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS**   EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS

**49. AIRCRAFT AND ACCESSORIES**

**50. OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)**

**51 Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 9: | REAL PROPERTY |
|---|---|

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**56 Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 10: | INTANGIBLES AND INTELLECTUAL PROPERTY |
|---|---|

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61. INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62. LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65. GOODWILL** | | | |

**66 Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
- ☑ No
- ☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☑ No
- ☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

**Part 11: ALL OTHER ASSETS**

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
- ☑ No. Go to Part 12.
- ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **71. NOTES RECEIVABLE** DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| **72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| **73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| **74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |

|  | Current value of debtor's interest |
|---|---|

**75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

**76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

**77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

**78 Total of Part 11.**
ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 12:**   **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* |  |  |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* |  |  |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | $9,958,685.21 |  |
| **83. Investments.** *Copy line 17, Part 4.* |  |  |
| **84. Inventory.** *Copy line 23, Part 5.* |  |  |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* |  |  |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* |  |  |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* |  |  |
| **88. Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➜ |  |  |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* |  |  |
| **90. All other assets.** *Copy line 78, Part 11.* | + |  |
| **91. Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $9,958,685.21 + 91b |  |
| **92. Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $9,958,685.21 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Admired Agents Limited |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (if known) | 17-11206 |

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1.   1.   **Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Admired Agents Limited |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (if known) | 17-11206 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:  List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
    ☑ No. Go to Part 2.
    ☐ Yes. Go to line 2.

### Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>PACIFIC ANDES ENTERPRISES (HONG KONG) LIMITED<br>ROOM 3201- 10, HONG KONG PLAZA<br>188 CONNAUGHT ROAD WEST<br>HONG KONG<br>CHINA<br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☑ Disputed<br>**Basis for the claim:**<br>INTERCOMPANY ACCOUNT FOR FUNDS ADVANCED<br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $1,378.21 |
| 3.2 | **Nonpriority creditor's name and mailing address**<br>PERUN LIMITED<br>80 RAFFLES PLACE<br>#26-01 UOB PLAZA ONE<br>SINGAPORE  048625<br>SINGAPORE<br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☑ Disputed<br>**Basis for the claim:**<br>TRADE PAYABLE<br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $96,123,952.55 |
| 3.3 | **Nonpriority creditor's name and mailing address**<br>SANG II TRADING CO., LTD<br>RM 504, 125 WONYANG-RO<br>SEO-GU<br>BUSAN<br>SOUTH KOREA<br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☑ Disputed<br>**Basis for the claim:**<br>TRADE PAYABLE<br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $6,509.82 |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5.**   Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| **5a.** Total claims from Part 1 | **5a.** | $0.00 |
| **5b.** Total claims from Part 2 | **5b.**  + | $96,131,840.58 |
| **5c.** **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **5c.** | $96,131,840.58 |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | Admired Agents Limited |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (if known) | 17-11206 |

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Admired Agents Limited |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (if known) | 17-11206 |

☐ Check if this is an
amended filing

## Official Form 206H

# Schedule H: Codebtors                                              12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

---

1.  **Does the debtor have any codebtors?**

    ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☐ Yes.

Fill in this information to identify the case:

Debtor    Admired Agents Limited

United States Bankruptcy Court for the:  Southern District of New York

Case number    17-11206
(if known)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   6/23/2017
    MM / DD / YYYY

✗ /s/ Ng Puay Yee
Signature of individual signing on behalf of debtor

Ng Puay Yee
Printed name

Authorized Representative
Position or relationship to debtor

Admired Agent Limited (17-11206)

Schedule A/B:  Part 3, Question 11 - Accounts Receivable

| Accounts Receivable | Face Amount | Doubtful or Uncollectible Accounts | Current Value of Debtor's Interest |
|---|---|---|---|
| 90 days or less | | | |
| N/A | | | |

| Accounts Receivable | Face Amount | Doubtful or Uncollectible Accounts | Current Value of Debtor's Interest |
|---|---|---|---|
| Over 90 days old | | | |
| China Fisheries International Limited | $9,958,685.21 | $0.00 | $9,958,685.21 |
| | **$9,958,685.21** | **$0.00** | **$9,958,685.21** |